436 F.2d 964
 STANDARD FOOD PRODUCTS CORP., Plaintiff-Appellee,
v.
Mortimer BRANDENBURG and Norman J. Joseph, individually and as respectively, President, and Financial Secretary of Liquor Salesmen's Union, Local 2 of the State of New York, Distillery, Rectifying, Wine and Allied Workers International Union, AFL-CIO, and "John Doe" and "Richard Roe," the names "John Doe" and "Richard Roe" being fictitious, the real names of said individuals being unknown to plaintiff, said fictitious names being intended to designate the persons picketing the premises of the plaintiff, Defendants-Appellants.
 No. 502.
 Docket 35656.
 United States Court of Appeals, Second Circuit.
 Argued December 15, 1970.
 Decided December 30, 1970.
 
 Bertram Perkel, New York City (Schulman, Abarbanel, Perkel & McEvoy, New York City on the brief), for defendants-appellants.
 Marshall G. Kaplan, Brooklyn, N. Y., for plaintiff-appellee.
 Before MOORE, KAUFMAN and HAYS, Circuit Judges.
 HAYS, Circuit Judge:
 
 
 1
 This is an appeal, pursuant to 28 U.S. C. § 1292(a) (1) (1964), from a preliminary injunction granted to plaintiffs in the United States District Court for the Eastern District of New York. Appellant labor union is the collective bargaining representative of appellee's liquor salesmen. Union and appellee are parties to a collective bargaining agreement entered into on November 1, 1968 and effective through October 31, 1971.
 
 
 2
 On November 25, 1970, appellant's Executive Board called a strike against appellee to commence on November 30. On that date appellee instituted an action in the Supreme Court of the State of New York, Queens County, to enjoin the strike. On December 1 appellants removed the action to the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. § 1441 (1964) and 29 U.S.C. § 185(a) (1964). The district court held that the collective bargaining agreement between the parties required submission of the dispute involved to arbitration and prohibited the union from striking. Appellee's application for an injunction was granted in reliance on Boys Markets, Inc. v. Retail Clerks Union Local 770, 398 U.S. 235, 90 S.Ct. 1583, 26 L.Ed.2d 199 (1970). Since we find that the district court incorrectly interpreted the collective agreement, we reverse and set aside the injunction.
 
 
 3
 The collective agreement does contain a standard no-strike, arbitration provision:
 
 
 4
 "XVI.(a) Except as otherwise provided herein, in the event of any dispute, difference, disagreement, grievance or controversy of any nature or character shall arise between the Employer and the Union [sic], the parties agree that before any strike on the part of the Union or any lockout on the part of the Employer, such dispute shall be submitted to arbitration to the New York State Board of Mediation pursuant to its rules. The decision of the Arbitrator shall be final and binding on all the parties to the Arbitration. The failure on the part of the Employer to submit such dispute with the Union to arbitration or to abide by the result of any such arbitration shall be deemed a breach of this agreement." (Emphasis added.)
 
 The contract, however, goes on to state:
 
 5
 "(b) Violations by the Employer of paragraphs III, IV, V, VI, VII, IX, X, XI, XII, XIII, XIV, XV, XVI, XVIII, XIX, XX, XXI, XXIII, XXIV, XXVI shall constitute a breach of this agreement and an unfair labor practice notwithstanding anything contained in Paragraph XVI(a) or any other provision of this agreement, any such violation shall entitle the Union to apply for without notice and obtain without opposition an injunction or other order restraining such breach and/or repetitions thereof from a court of competent jurisdiction, and in addition the Union may resort to any other economic action free of any restriction or condition that may be imposed by any provision of this agreement and without the necessity of first resorting to arbitration. (Emphasis added.)
 
 
 6
 It is quite clear that these sections read together constitute neither a generally applicable arbitration clause nor a broad no-strike provision. Consideration of the clauses listed in paragraph XVI(b) indicates that the union has expressly retained the right not to go to arbitration and the right to strike with respect to many important substantive provisions of the contract.
 
 
 7
 The contract involved in Boys Markets, Inc. v. Retail Clerks Union, Local 770, supra, provided that there should be "`no cessation of work or stoppage of work, lock-out, picketing or boycotts. * * *'" Id. at 239, 90 S.Ct. at 1586 (footnote omitted). In exchange, the contract provided for a mandatory arbitration procedure. The Court held that an injunction could issue because
 
 
 8
 "the central purpose of the Norris-LaGuardia Act to foster the growth and viability of labor organizations is hardly retarded — if anything, this goal is advanced — by a remedial device that merely enforces the obligation that the union freely undertook under a specifically enforceable agreement to submit disputes to arbitration." (Emphasis added) (footnote omitted). Id. at 252-253, 90 S.Ct. at 1593.
 
 
 9
 Where the union has not given up the right to strike, the Norris-LaGuardia Act prohibits the issuance of an injunction. Consequently, if the strike in the instant case was called to protest a breach by the employer of one of the paragraphs enumerated in paragraph XVI(b) of the collective bargaining agreement, the injunction issued by the district court is not only unjustified but is beyond the jurisdiction of the federal courts to grant. 29 U.S.C. §§ 101, 107 (1964).
 
 
 10
 In an affidavit of one Irving Lipman, Executive Secretary of Local 2, Liquor Salesmen's Union, submitted in opposition to the application for an injunction, it is alleged that appellee guaranteed income to certain favored employees without bargaining with the union in violation of paragraphs VI-A, XI, and XIV of the agreement and that appellee gave special inducements to certain customers with the result that the commissions of the salesmen were reduced below the level set out in the agreement, in violation of paragraphs X, XI, and XIV. These violations all fall within paragraph XVI(b) of the contract and are excepted by that paragraph from arbitration and from the union's no-strike promise.
 
 
 11
 Where the collective agreement, as here, excepts from the requirement of arbitration certain types of contract violations and provides that the union retains the right to strike with respect to such violations, no injunction can issue against a strike where the union presents a colorable claim that such violations have occurred. The trial judge to whom under these circumstances an application for an injunction is made has no power to decide the merits of the controversy. The parties have agreed that such a controversy is to be left to the arbitrament of economic weapons. The court has no power to disregard their contract and force other methods upon them.
 
 
 12
 Reversed and remanded to the district court with instructions to set aside the injunction previously granted.