**ELEVATOR MANUFACTURER'S ASSO-CIATION OF NEW YORK, an unincorporated association, on behalf of its member, Otis Elevator Company, Plaintiff,**

v.

**INTERNATIONAL UNION OF ELEVA-TOR CONSTRUCTORS LOCAL NO. 1, OF NEW YORK AND VICINITY, an unincorporated association, and Vincent Watson, individually and as President of said unincorporated association, Defendants.**

**No. 71 Civ. 3949.**

United States District Court,
S. D. New York.

Sept. 8, 1971.

Putney, Twombly, Hall & Hirson, New York, N. Y., for plaintiff.

Wilderman, Markowitz & Kirschner, Philadelphia, Pa., and Schulman, Abarbangel, Perkel & McEvoy, for defendants.

### MEMORANDUM OPINION

GURFEIN, District Judge.

The plaintiff, an association, has as its members Otis Elevator Company, Westinghouse Electric Corp. Elevator Division, and Houghton Elevator Company. It has entered into a collective bargaining agreement with defendant Local No. 1 of the International Union of Elevator Constructors. The contract runs to June 30, 1972.

There is a work stoppage by the defendant Local at a building under construction at 1633 Broadway. The reason given for the stoppage is that the Otis Elevator Company, which has the elevator construction subcontract, has permitted an electrical union to install one of two cables required on each elevator instead of permitting this work to be done by members of the defendant Union. The Union is striking to get Otis to install a third cable constructed by members of the defendant Union although Otis contends that a third cable is unnecessary.

The association, on Otis' behalf, seeks an injunction against the continuance of the strike or work stoppage (29 U.S.C. § 185[a]). It now moves for a preliminary injunction (Rules 65 F.R. Civ.P.). It contends that the strike is a breach of the collective agreement which provides for arbitration and has a no-strike clause. It argues that under Boys Markets, Inc. v. Retail Clerk's Union Local 770, 398 U.S. 235, 90 S.Ct. 1583, 26 L.Ed.2d 199 (1970) this Court has power to issue an injunction in this labor dispute in spite of the provisions of the Norris-LaGuardia Act (29 U.S.C. § 104). The Union contends that it is not bound to honor the no-strike convenant when the employer deliberately breaches the agreement.

Section XI, paragraph 1 of the collective bargaining agreement reads:

"1. It is agreed by both parties to this agreement that *so long as the provisions herein contained are conformed to* no strikes or lockouts shall be ordered against either party" (emphasis supplied). The Union points to the italicized part of the paragraph as justification for the stoppage. If there were no arbitration clause the position of the Union would be sound. But there is an arbitration clause which reads:

"1. All differences and disputes regarding the application and construction of this agreement shall be settled locally between the local union and the Employer. In the event the matter cannot be settled on a local basis, then either the Union or the Employer shall submit the dispute to the New York Arbitration Committee which it is hereby understood and agreed shall have the power to enforce *its* decision by *mutual* consent for protection of the public and the entire elevator industry. Pending the appeal to the New York Arbitration Committee there shall be no stoppage of work, strikes or lockouts."

The dispute here is one "regarding the application and construction of this agreement." It involves the question of whether Section IV of the agreement which defines "construction work" embraces the construction of these elevator cables and whether the employer was obliged to use only mechanics and helpers who were in the Union shop under the agreement. That question is arbitrable and the Union may not, in advance of arbitration, decide the issue itself and thus free itself from the no-strike clause. The limitation in the no-strike clause may be taken to mean that if the employer refuses to arbitrate or refuses to abide by an award, then the Union has not given up its economic weapon. But it would be defeating the very purpose of a no-strike clause coupled with arbitration procedure to hold that the Union may, on its own, determine the issue even before it is submitted.

The second argument of the Union that the case of Standard Food Products Corp. v. Brandenburg, 436 F.2d 964 (2 Cir. 1970) precludes an injunction here is not correct. There specific para-

graphs of the collective agreement were excepted from the no-strike provision and hence by agreement of the parties strikes in particular situations were not interdicted. There is no such exception to be found here.

█ Yet, the reliance of the plaintiff on *Boys Markets, Inc., supra,* is misplaced. There Mr. Justice Brennan, for the Court, laid down guidelines for the lower Courts. Having based the decision in favor of injunctive relief on the Congressional policy to favor arbitration in labor disputes, the Court said:

"When a strike is sought to be enjoined because it is over a grievance which both parties are contractually bound to arbitrate, the District Court may issue no injunctive order until it first holds that the contract *does* have such effect [which I do]; and the employer should be ordered to arbitrate, as a condition of his obtaining an injunction against the strike." (398 U.S. at 254, 90 S.Ct. at 1594).

Although the plaintiff here has expressed its willingness to arbitrate in the papers before the Court it has chosen not to avail itself of the arbitration procedure provided for in the collective bargaining agreement. It has made no demand for arbitration on the Union and the Union has not refused to arbitrate. The stoppage is not a refusal to arbitrate in the absence of a demand to arbitrate.

As I read the instructions in *Boys Markets, Inc., supra,* they are jurisdictional and delimit what may be excepted from the restrictions of the Norris-La-Guardia Act. In the *Boys Markets* case the employer actually "sought to invoke the grievance and arbitration procedures specified in the contract" (398 U.S. at 239, 90 S.Ct. at 1586).

The employer must seek arbitration before he may seek injunctive relief.

Accordingly, as a preliminary to considering injunctive relief, the employer is ordered to seek arbitration as a condition to applying for injunctive relief. If the Union refuses to arbitrate plaintiff may come back with an application for injunctive relief.

I have made this decision before the hearing scheduled for September 14 because the plaintiff asserts hardship which undoubtedly exists. To avoid raising the jurisdictional point only after the September 14 hearing I thought it better to raise it now so that additional time will not be lost without adjudication on the merits.

The motion for a preliminary injunction is denied with leave to renew in conformity with this opinion. The parties may appear at 2:30 September 14 in Room 318 for further proceedings if required. The foregoing shall constitute findings of fact and conclusions of law under Rule 52(a) F.R.Civ.P.