**SOUTHWESTERN BELL TELEPHONE COMPANY, Plaintiff,**

v.

**COMMUNICATIONS WORKERS OF AMERICA, AFL-CIO, and Its Local 6222, Defendants.**

**Civ. A. No. 71-H-254.**

United States District Court,
S. D. Texas,
Houston Division.

June 2, 1972.

Memorandum Opinion June 8, 1972.

James M. Shatto and Joseph R. Riley, Houston, Tex., for plaintiff; Vinson, Elkins, Searls & Smith, Leroy Jeffers, J. M. Hopper, and Charles L. Berry, Houston, Tex., of counsel.

Wheat & Bartlett, William N. Wheat, Houston, Tex., for defendant.

## MEMORANDUM OPINION AND ORDER:

SEALS, District Judge.

This is a suit to enjoin a strike and to compel arbitration of a dispute between the plaintiff company and the defendant union according to the terms of a collective bargaining agreement between the parties. Jurisdiction is predicated upon 29 U.S.C. § 185(a). On March 15, 1971, an evidentiary hearing was held upon the plaintiff's application for an injunction of the strike. The plaintiff rested after presenting one witness. This Court then declined to issue the injunction. That decision and a history of the dispute were reported at 324 F.Supp. 830.[1] An interlocutory appeal was certified, and the Court of Appeals for the Fifth Circuit vacated this Court's order and remanded the case. Southwestern Bell Telephone Company v. Communications Workers of America, AFL–CIO, and its Local 6222, 454 F.2d 1333 (Slip Opinion, November 22, 1971, modified by Slip Opinion, February 1, 1972).

Having requested injunctive relief and damages only in its original complaint, the Company filed an amended complaint on February 28, 1972, adding a specific request for an arbitration order to its prayer. On March 1, 1972, the Union filed an amended answer, a counterclaim for breach of contract, and cross application for an injunction of the alleged breach.

A second evidentiary hearing was held on April 5 and 6, 1972, on the competing applications for injunctions. Both sides filed pre-hearing and post-hearing briefs.

To summarize, the Company contends that it has a collective bargaining contract with the Union which contains a no strike-arbitration clause; that the Union has breached this contract by striking against the Company's announced decision to institute part-time staffing on a separate seniority schedule at a recently acquired facility; that this strike has damaged the Company and the public as well as the collective bargaining relationship; that the strike should be enjoined and an arbitration order issued; that the challenged plan is a management function which can be implemented subject to being dismantled by the arbitrator, and should not be enjoined.

The Union contends that its strike is a permissible reaction to an unfair labor practice; that the Company has commit-

1. The contract existing at the time the dispute arose expired a few months after this hearing. This Court had expected that the Company and the Union would use the opportunity afforded by collective bargaining over the new contract to iron out this problem. That did not happen. Apparently each side is satisfied that the contract language on these points supports their position.

ted an unfair labor practice as determined by a Trial Examiner of the National Labor Relations Board; that while arbitration of the dispute is in order, an injunction of the strike is not necessarily required by either Boys Markets, Inc. v. Retail Clerk's Union, Local 770, 398 U.S. 235, 90 S.Ct. 1583, 26 L. Ed.2d 199, or the Fifth Circuit's decision in this case; that commission of the unfair labor practice is a breach of the collective bargaining contract; that if arbitration is ordered and the strike enjoined, then the Company should be enjoined from breaching the contract, i. e. from implementing the challenged plan, subject to the outcome of the arbitration.

Before examining the law applicable to these various contentions it is necessary to put this case in its proper procedural setting. Both sides tend to ignore the rather critical procedural posture of the case and to overstate the decision of the Court of Appeals.

This Court's decision denied the injunction sought by the Company primarily on the ground that the Company had not met the arbitrability test of *Boys Markets*, 398 U.S. at 254, 90 S.Ct. 1583. The Court of Appeals *vacated* that denial and *remanded* the case for further proceedings, pointing out that this Court had erred in its determination of "arbitrability."

The Union would have this Court assume that because the Court of Appeals declined to issue the injunction sought by the Company, that this Court was af-

firmed. The Company would have this Court conclude that where the Court of Appeals said "vacated" it meant to say "reversed," and where it remanded "for further proceedings not inconsistent herewith" that it meant to say "with directions to enjoin the strike and to order arbitration."

In this case the Court of Appeals determined that the standard of arbitrability should be uniform whether the suit asks for injunction of a strike, as here and in *Boys Markets*, or for specific performance of an arbitration clause, as in Lodge No. 12 v. Cameron Iron Works, Inc., 292 F.2d 112, (5th Cir. 1961) and Communications Workers of America v. Southwestern Bell Telephone Co., 415 F. 2d 35 (5th Cir. 1969). As developed in these Fifth Circuit cases, this is the standard of "arguable arbitrability."[2] The Court of Appeals went on to hold that this Court erred when, relying upon some of the *Boys Markets* language, it required greater contractual specificity of the arbitrability of the underlying dispute in a case where a strike injunction was requested than it would have in a case where the only relief sought was an order to arbitrate.[3] In remanding the cause "for further consideration in light of the concept of arbitrability discussed," 454 F.2d at 1337, the Fifth Circuit clearly meant for this Court to engage in a careful reconsideration of all aspects of the case.[4] This is evident from the changes which the Court of Appeals made on February 1, 1972, in the next-to-the-last paragraph of its original opinion of November 22, 1971.

2. This is similar in every respect to the "arguable basis" test in railway labor disputes, where if the dispute is "arguably" covered by the collective agreement it is "minor" and therefore within the jurisdiction of the Adjustment Board. *See*, United Industrial Workers, etc. v. Board of Trustees, 351 F.2d 183, 185 (5th Cir. 1965, opinion of Brown, C. J.).

3. While this is a symmetrical result, it overlooks the fact that the enjoining of a strike can mean the halting of an arguably rightful activity, whereas an ar-

bitration order simply requires the performance of a clear-cut duty. While this may be a defect of sorts, at least this standard is crystal clear to courts and litigants, a rarity in labor law.

4. Since the Court of Appeals found that this Court incorrectly applied the law to this case, it did not go on to consider this Court's discussion of the competing equities and those fact findings did not, therefore provide an independent ground for affirmance.

## NOVEMBER OPINION *

In order to effectuate this policy, it is necessary that a uniform standard of arbitrability be applied, regardless of whether the suit asks for the injunction of a strike, *Boys Markets,* or the specific performance of an arbitration clause. Communications Workers of America v. Southwestern Bell, *supra.* That test is the same as was stated in *Cameron, supra,* and in *Southwestern Bell, supra.* Our examination is confined to ascertaining whether the party seeking arbitration is making a claim which on its face is governed by the contract. See also, Oil, Chemical & Atomic Workers International Union v. Southern Union Gas Co., 374 F.2d 774 (5th Cir. 1967); Local No. 787 v. Collins Radio Co., 317 F.2d 214 (5th Cir. 1963). Applying [that] standard [to the record before us, it appears plain that the union's position that the dispute is not arbitrable is untenable.] The use of part-time employees with their own seniority schedule requires consideration of the collective agreement's seniority clause.[3] As such, it is a claim which on its face is governed by the contract. United Steel Workers of America v. American Manufacturing Co., 363 U.S. 564 (1960). As the National Labor Relations Board recognized in its recent opinion abstaining from asserting unfair labor practice jurisdiction over an arbitrable claim: "Arbitration has become the central institution in the administration of collective bargaining contracts." Collyer Insulated Wire, 192 NLRB, No. 150 (1971). Where a public utility is con-

## FEBRUARY MODIFICATION †

In order to effectuate this policy, it is necessary that a uniform standard of arbitrability be applied, regardless of whether the suit asks for the injunction of a strike, *Boys Markets,* or the specific performance of an arbitration clause. Communications Workers of America v. Southwestern Bell, *supra.* That test is the same as was stated in *Cameron, supra,* and in *Southwestern Bell, supra;* AND HAS BEEN CALLED ONE OF "ARGUABLE ARBITRABILITY." Our examination is confined to ascertaining whether the party seeking arbitration is making a claim which on its face is governed by the contract AND WHICH IS "ARGUABLY ARBITRABLE." See also, Oil, Chemical & Atomic Workers International Union v. Southern Union Gas Co., 374 F.2d 774 (5th Cir. 1967); Local No. 787 v. Collins Radio Co., 317 F.2d 214 (5th Cir. 1963). Applying THIS standard OF "ARGUABLE ARBITRABILITY" TO THE CONTRACT AT ISSUE, IT IS PLAIN THAT THE UNION'S POSITION AND THE DISTRICT COURT FINDING THAT THE DISPUTE WAS NOT WITHIN THE SCOPE OF THE CONTRACT'S ARBITRATION CLAUSE (BECAUSE IT WAS A PROSPECTIVE MODIFICATION OF THE CONTRACT) CANNOT STAND. WHETHER OR NOT THE COMPANY'S PROPOSAL IS A PROSPECTIVE MODIFICATION OF THE CONTRACT, the use of part-time employees with their own seniority schedule requires consideration of the application of the collective agreement's seniority clause.[3] As such, it is a claim which on its face is governed by the contract AND IS ARGUABLY ARBITRABLE. United Steel Workers of America v. American Manufacturing Co., 363 U.S. 564 (1960). As the National Labor Relations Board recognized in its recent

---

* The portions set in brackets were deleted from the modified opinion.

3. Article XIX, 1968 Traffic Agreement

† The portions set in capitals were added to the original opinion.

cerned, the public policy of favoring arbitration to resolve industrial strife is even stronger. If the other elements of *Boys Markets* are met,[4] these considerations require that an injunction and arbitration order be entered in this case.

opinion abstaining from asserting unfair labor practice jurisdiction over an arbitrable claim: "Arbitration has become the central institution in the administration of collective bargaining contracts." Collyer Insulated Wire, 192 NLRB, No. 150 (1971). Where a public utility is concerned, the public policy of favoring arbitration to resolve industrial strife is even stronger. If, BUT ONLY IF, the other elements of *Boys Markets* are met,[4] these considerations require that an injunction and arbitration order be entered in this case.

———◆———

4. The district court properly applied the procedure approved by the Supreme Court in *Boys Markets*, however, in finding that an injunction was inappropriate it misapplied the legal principles of arbitrability discussed supra. Its findings are therefore not accorded the protection of the clearly erroneous rule. F.R.C.P. 52 (a). Stark v. Shell Oil Co., 450 F.2d 994 (5th Cir. 1971).

4. "NOR DOES IT FOLLOW FROM WHAT WE HAVE SAID THAT INJUNCTIVE RELIEF IS APPROPRIATE AS A MATTER OF COURSE IN EVERY CASE OF A STRIKE OVER AN ARBITRABLE GRIEVANCE." 398 U.S. at 253–54.
The district court properly applied the procedure approved by the Supreme Court in *Boys Markets*, however in. finding that an injunction was inappropriate it misapplied the legal principles of arbitrability discussed supra. Its findings are therefore not accorded the protection of the clearly erroneous rule. F.R.C.P. 52(a). Stark v. Shell Oil Co., 450 F.2d 994 (5th Cir. 1971).

■ By now it should be obvious that this Court's action in denying the requested injunction was neither "affirmed" nor "reversed with directions to enter an injunction." Instead the Fifth Circuit used this case to announce a determination of an issue left open by *Boys Markets*, namely, whether in determining the propriety of injunctive relief the dispute will be presumed to be arbitrable. 398 U.S. at 254, 90 S.Ct. 1583. The Fifth Circuit decided that it will be. Thus, in the present case, where the collective agreement contains a no strike-arbitration clause and another clause (the seniority clause) which arguably applies, and where there is no express contractual disclaimer of the arbitrability of the subject matter of the particular dispute, the dispute must be assumed to be arbitrable.[5]

Because this Court did not apply this presumption, and instead inquired too deeply into the substance of the collective agreement and the bargaining relationship, its previous determination was vacated and remanded for reconsideration "in light of the concept of arbitrability discussed" by the Court of Appeals. 454 F.2d at 1337. This was not a determination by the Court of Appeals that the dispute is arbitrable *per se*. The Fifth Circuit did not find the challenged action either permissible or impermissible under the contract. It did not hold that the strike is either an illegal breach or a justifiable response to an unfair labor practice. These are questions for the arbitrator who retains the authority to determine the arbitrable nature of the controversy as well as the merits of the dispute.[6]

There is no longer room for argument on the question of arbitrability in this case. The opinion of the Court of Appeals is quite clear—the dispute is "arguably arbitrable," therefore it must go to the arbitrator. Indeed, this Court was somewhat surprised when after the appellate decision the parties did not proceed to arbitration on their own, but instead began to quibble over what was required of them. Be that as it may, this Court will order the parties to select an arbitrator and proceed immediately to a speedy arbitration and resolution of their dispute.[7]

Two issues remain: injunction of the strike pending arbitration and injunction of the challenged plan pending arbitration.

■ Essentially, the Company contends that the strike is in breach of the contract's no strike-arbitration clause and should be enjoined. Under *Boys Markets* an injunction against a strike

---

5. "Our examination is confined to ascertaining whether the party seeking arbitration is making a claim which on its face is governed by the contract and which is 'arguably arbitrable'." Southwestern Bell Telephone Co. v. Communications Workers of America, 454 F.2d at 1336 (5th Cir. 1971). This presumption had its origin in United Steelworkers v. Warrior and Gulf Nav. Co., 363 U.S. 574, 584–585, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960). This policy of presuming in favor of arbitration was recently reviewed and approved by the Third Circuit in Avco Corp. v. United Auto Workers, Local 787, 459 F.2d 968 (3d Cir. 1972).
In the Second Circuit, where a collective agreement contains a no strike-arbitration clause and specifically exempts certain other clauses from that clause, then where a "colorable claim" of exemption is presented, no injunction will issue against a strike called to protest alleged breaches of the exempted clauses. Standard Food Products Corp. v. Brandenburg, 436 F.2d 964 (2d Cir. 1970).
Both the presumption of arbitrability and the presumption of non-arbitrability have been criticized in an article which advocates closer judicial scrutiny of the scope of the arbitration clause. Note, Labor Injunctions, *Boys Markets*, and the Presumptions of Arbitrability, 85 Harvard L.Rev. 636 (1972).

6. International Association of Machinists Lodge 1652 v. International Aircraft Services, Inc., 302 F.2d 808, 814 (4th Cir. 1962) ; *see*, Warrior & Gulf Nav. Co. 61–2, CCH Lab.Arb. Awards ¶ 8401 (1961) (Holly, Arbitrator), and Note, 85 Harv. L.Rev. 636, 640 (1972).

7. *See*, American Telephone and Telegraph Company v. Communications Workers of America, AFL-CIO, et al., 75 LRRM 2178 (S.D.N.Y.1970).

over an arbitrable grievance is conditioned upon an order to the employer to arbitrate the dispute. 398 U.S. at 254, 90 S.Ct. 1583. The Company contends that an order to arbitrate should be conditioned upon an injunction of the strike. This stand is explicitly repudiated in *Boys Markets* where the Supreme Court said, "Nor does it follow from what we have said that injunctive relief is appropriate as a matter of course in every case of a strike over an arbitrable grievance." 398 U.S. at 253–254, 90 S.Ct. at 1594. There are more elements in the issuance of a *Boys Markets* injunction than an arbitration order. The first two elements, a finding of arbitrability and an order to arbitrate, are present here. The Supreme Court also requires the District Court to affirmatively determine

" ' . . . whether breaches are occurring and will continue, or have been threatened and will be committed; whether they have caused or will cause irreparable injury to the employer; and whether the employer will suffer more from the denial of an injunction than will be union from its issuance.' Sinclair Refining Co. v. Atkinson, 370 U.S. 195, at 228, 82 S.Ct. 1328, 8 L.Ed.2d 440 . . . " 398 U.S. at 254, 90 S.Ct. at 1594.

Under the injunction provisions of Norris-LaGuardia, the Supreme Court can require no less. 29 U.S.C. § 107(a)–(e). The Union, by striking over what is an arguably arbitrable dispute, has arguably breached its contract. It is apparent that the strike will continue. It is clear beyond question that after more than a year the Company has been irreparably harmed. It has lost the complete use of a large building with all of the capital investment used in purchasing, repairing, and re-equipping the facility. It has had to handle directory assistance calls "manually," often resorting to two operators, at increased cost. Numerous calls have been "lost," thus causing public inconvenience and tarnishing the Company's public image. The Company's expectations under the collective bargaining agreement have been frustrated. If an injunction is not issued these injuries will continue to mount. If the injunction does issue the Union may lose face with its membership and certain seniority rights or expectations of the members will be frustrated. However, the Union will benefit in that if its position is wrong, any damages for which it may be liable will no longer be increasing. The conclusion is inescapable that the Company will be harmed more by the denial of the injunction than will be the Union by its issuance.

The Union has made the argument that its strike is shielded from injunction because it was called in response to Company action which an NLRB Trial Examiner has since found to be an unfair labor practice. (Case No. 23–CA–3901, TXD–453–71, August 12, 1971). In its original opinion this Court rejected the Union's argument that the mere filing of an unfair labor practice complaint would oust this Court's jurisdiction under Section 301(a) of the Labor Management Relations Act, 29 U.S.C. § 185(a). 324 F. Supp. at 833. An examination of the cases reveals strong precedent for the Union's contentions that its strike may not be enjoined. In Mastro Plastics Corp. v. National Labor Relations Board, 350 U.S. 270, 76 S.Ct. 349, 100 L.Ed. 309 (1956), the Supreme Court held that a union did not waive its right to strike against unfair labor practices when it assented to a collective agreement containing no strike, no lockout and arbitration provisions. In San Diego Building Trades Council v. Garmon, 359 U.S. 236, 79 S.Ct. 773, 3 L.Ed.2d 775 (1959) the Supreme Court held that, when a union's picketing was arguably either a protected activity under 29 U.S.C. § 157 or an unfair labor practice under 29 U.S.C. § 158, state courts were completely pre-empted from acting because jurisdiction was vested exclusively in the NLRB. After *Boys Markets*, in another case involving a suit by a member against his union in state court, the Supreme Court recognized *Garmon* as es-

tablishing "the general principle that the National Labor Relations Act preempts state *and federal* court jurisdiction to remedy conduct that is arguably protected or prohibited by the Act." Amalgamated Ass'n. of S. E. R. & M. C. Employees v. Lockridge, 403 U.S. 274, 276, 91 S.Ct. 1909, 29 L.Ed.2d 473 (1971). Emphasis added. Relying on *Garmon* the Supreme Court held that the state court lacked jurisdiction and reversed the Idaho Supreme Court. No mention was made of *Boys Markets* in the *Lockridge* opinion.

Theoretically then, while *Boys Markets* injunctions are available, a federal court is without jurisdiction to issue them under *Garmon* and *Lockridge*, when the strike is arguably a protest of the employer's unfair labor practices and the Court's jurisdiction is pre-empted by the N.L.R.B.[8] This conflict is made all the more acute by the N.L.R.B.'s decision in *Collyer Wire*, 192 NLRB 150 (1971) where it declined to exercise jurisdiction over unfair labor practice disputes where the collective bargaining contract between the parties contains provisions for arbitration. In the instant case it is therefore likely that the Board will reverse the Trial Examiner's decision and leave the parties and public with a strike which is "arguably" within the exclusive jurisdiction of the Board and beyond the remedial reach of the courts.

■■ This kind of a result is intolerable to all concerned. While the relief made available in *Boys Markets* is inconsistent with the logical thrust of *Garmon* and *Lockridge*, those two decisions were predicated upon a desire to achieve a uniform national labor policy through

the interpretations of the agency which Congress created for that purpose. In *Collyer Wire* the Board opted for arbitration as the preferable mode for settling even unfair labor practices. The only way out of the dilemma posed by *Boys Markets, Garmon,* and *Lockridge,* is to go even further in favor of arbitration. Therefore, while assent to no strike-arbitration clauses is not necessarily a waiver of access to the Board over an unfair labor practice, Mastro Plastics Corp. v. N. L. R. B., *supra,* it can be, Lodge No. 12, District No. 37, International Ass'n of Machinists v. Cameron Iron Works, Inc., 257 F.2d 467 (5th Cir. 1958) cert. den., 358 U.S. 880, 79 S.Ct. 120, 3 L.Ed.2d 110 (1958), and the inclusion of such clauses raises a presumption that unfair labor practice disputes, like any other disputes, are arbitrable unless otherwise specified. Having reached this conclusion, conduct which might be otherwise protected by *Garmon* and *Lockridge* is subject to the power of federal courts under 29 U.S.C. § 185(a) to enforce collective agreements and protect the arbitration process. *See,* Boys Markets, Inc. v. Retail Clerks, etc., 398 U.S. 235, 90 S.Ct. 1583, 26 L.Ed.2d 199 (1970). The Union's argument that the strike is shielded from injunctive relief because it was called in response to an unfair labor practice is rejected.[9]

Having concluded that arbitration will be ordered and that the strike will be enjoined, the only area of inquiry remaining is the propriety of the relief requested by the Union in its counterclaim for breach of contract. The essence of the Union claim is that the Company has attempted to unilaterally modify the contract provisions relating to the hours

---

8. It may be that the Supreme Court contemplated this situation in *Boys Markets* when it said that injunctive relief does not follow "as a matter of course in every case of a strike over an arbitrable grievance," but this would be pure speculation.

9. It must be recognized that the result adopted here means that from time to time (perhaps even here) federal courts

will be enjoining lawful activity. However the determination of "lawfulness" and the right of the parties to resort to unilateral action must await the outcome of arbitration. Recognizing the potential for injustice here it is incumbent upon the courts to fashion their orders to protect the parties pending arbitration and to protect the integrity of the arbitration process.

and conditions of employment, matters which are subjects of negotiation. The Union has requested that the Company be enjoined from breaching the contract by carrying out its announced plan and that the Company be ordered to arbitrate whether it has the authority under the contract to institute this plan without prior negotiation.

This Court can go no further than determining whether this is "arguably arbitrable." Plainly, it is. This is the other side of the coin of the arguably arbitrable dispute outlined above. The arbitrator cannot consider the contractual rights and obligations of one party except in relation to the rights and obligations of the other party. The real question is whether the Company's challenged plan will be enjoined pending arbitration.

■ In arguing against such an injunction the Company has stressed the idea of "management prerogative" and has argued that the requested relief will replace "management by the Company" with "management by court injunction." (Company's Post-Hearing Brief, p. 21). The Company's right to manage its business is subject to its contractual obligations just as are the Union's right to bargain for and to withhold its labor. Both parties have tempered these often conflicting rights by agreeing to arbitrate their differences. Federal courts have the power to enforce these agreements to arbitrate under § 301(a) of the Labor Management Relations Act, 29 U.S.C. § 185(a). Textile Workers Union of America v. Lincoln Mills, 353 U.S. 448, 77 S.Ct. 912, 1 L.Ed.2d 972, (1957), and Boys Markets, Inc. v. Retail Clerks, etc., 398 U.S. 235, 90 S.Ct. 1583, 26 L.Ed.2d 199 (1970). The power to order arbitration carries with it the power to protect the arbitration process from acts by either party which threaten to make the arbitrator's decision futile.

■ The fact that the management considers certain of its actions to be "management prerogatives" does not insulate those acts from either contractual obligations or injunctions. There are numerous instances where the courts have enjoined management activities of which the following cases are representative:

DeArroyo v. Sindicato de Trabajadores Packinghouse, AFL–CIO, and Puerto Rico Telephone Company, 425 F.2d 281 (1st Cir. 1970). Norris-LaGuardia Act held not to bar an order reinstating a discharged employee.

Allied Oil Workers Union v. Ethyl Corporation, 341 F.2d 47 (5th Cir. 1965). Recognized union's right to seek judicial enforcement of collective agreement and injunction of employer's alleged breach, but held that the evidence did not show a breach.

Retail Clerks Union Local 1222 v. Alfred M. Lewis, Inc., 327 F.2d 442 (9th Cir. 1964). Held that federal court has jurisdiction of union's action for order compelling employer to comply with collective agreement and make agreed upon cost of living adjustment in wages.

United Steelworkers of America v. Blaw-Knox Foundry & Mill Machinery Inc., 319 F.Supp. 636 (W.D.Pa.1970). Employer enjoined from alleged breach of collective agreement, unilateral reduction of furnace crews, pending arbitration of employer's authority to do so.

American Telephone & Telegraph Co. v. Communications Workers of America, 75 LRRM 2178 (S.D.N.Y.1970). Union's strike against employer's announced wage increase enjoined and parties directed to arbitrate whether announced increases violate contract. Payments at the increased rate enjoined until permitted by arbitrator.

Retail, Wholesale & Department Store Union v. American Bakeries Co., 305 F.Supp. 624 (W.D.N.C.1969). Employer enjoined from refusing to meet with bargaining committee of old union, disallowed and replaced by the International, pending resolution of the representation dispute.

Local Union No. 328 v. Armour and Co., 294 F.Supp. 168 (W.D.Mich.1968). Employer enjoined from closing distribution plant pending judicial determination of issue whether the contract authorized such a closure.

Local Division 1098, etc. v. Eastern Greyhound Lines, 225 F.Supp. 28 (D. D.C.1963). Employer enjoined from moving repair and maintenance operations to another city pending arbitration of employer's contractual right to move the operations.

■ The cited cases provide ample precedent for enjoining the Company from implementing the challenged plan of part-time staffing and scheduling pending arbitration of the Company's right to institute such a plan under the contract. This decision is not made lightly, but it is observed that the challenged plan is arguably a breach of the contract; that the subject matter of the plan is arbitrable; that it will be difficult if not impossible for the arbitrator to reimburse full-time employees for the damage done their seniority rights or for the loss of favorable tours if the plan is implemented and the Union ultimately prevails; that the Company can be recompensed for any wages or fringe benefits it might pay the full-timers in excess of those it would have paid part-timers for the same period; that a bond can be posted against such an eventuality; that the Company will have the use of the facility which has been previously denied to it; that the arbitration ordered by the Court will be swift; and that the mutual injunctions will reduce friction during arbitration.

In furtherance of the purpose of the Order of the Court of Appeals for the Fifth Circuit entered November 22, 1971, as modified, and in furtherance of the purposes outlined in the foregoing Memorandum Opinion, it is ordered

That the Plaintiff and the Defendant arbitrate the dispute between them concerning whether the Plaintiff may staff its facility at Weslayan and Alabama Streets, Houston, Texas, with part-time personnel holding their positions under a seniority schedule separate from that of other employees without violating its Collective Bargaining Agreement with the Defendant.

It is further ordered that such arbitration shall be held in accordance with the following procedures and conditions:

1. The parties shall attempt to agree upon an arbitrator on or before noon, June 8, 1972;

2. If the parties are unable to agree they shall so notify the Court, and the Court shall upon notice to the parties, direct them to promptly appear before it, each with a list of arbitrators acceptable to it, for the purpose of cooperatively selecting an arbitrator;

3. In any event, the arbitrator selected by the parties, or by the parties in cooperation with the Court, shall render his decision on or before noon, June 22, 1972;

4. The Defendant, its officers, agents, and employees, and all persons in active concert or participation with it, shall withdraw all pickets from the facility at Weslayan and Alabama Streets, Houston, Texas, throughout the arbitration period to begin at 6:00 P.M. today.

5. The Plaintiff shall make whatever use of the facility it deems necessary, provided that during the pendency of the arbitration this shall not include the use of part-time employees holding their positions under a seniority schedule separate from that of other employees unless and until there is an award of the arbitrator permitting such a schedule;

6. The Defendant shall post a bond in the amount of twenty thousand dollars ($20,000.00) as security for any wages or fringe benefits the Plaintiff may pay to full-time employees in excess of those it would have paid to part-time employees.

Clerk will enter this Memorandum Opinion and Order and provide counsel with true copies.

## ORDER AMENDING MEMORANDUM OPINION AND ORDER

On June 2, 1972, this Court entered its Memorandum Opinion and Order directing arbitration of the dispute between the parties concerning the staffing of Plaintiff's facility at Weslayan and Alabama Streets, Houston, Texas. Said Order of June 2, 1972, specified that such arbitration should be held in accordance with certain procedures and conditions specified in six numbered paragraphs.

On June 8, 1972, Plaintiff filed its Motion for New Trial or to Alter or Amend Judgment or, Alternatively, for Stay of Injunction Pending Appeal pursuant to Rule 59(a) and (e) and Rule 62(c) of the Federal Rules of Civil Procedure and Rule 8 of the Federal Rules of Appellate Procedure. Defendant has announced to the Court that it does not oppose the granting of the Motion for New Trial or to Alter or Amend Judgment to the extent hereinafter provided, and the parties have advised the Court that they have reached agreement to submit the dispute to arbitration in accordance with the provisions of the parties' collective bargaining agreement which incorporates by reference the Voluntary Labor Arbitration Rules of the American Arbitration Association. The parties have further advised the Court that they have agreed that no bond need be posted by Defendants as security for any wages or fringe benefits which Plaintiff may pay, pending arbitration, to full-time employees in excess of those it would have otherwise paid to part-time employees.

It is accordingly ordered that the Motion for New Trial or to Alter or Amend Judgment is granted to the extent hereinafter stated and that the Memorandum Opinion and Order of the Court dated June 2, 1972, is amended in the following respects:

### I.

Paragraphs 1, 2 and 3 of the Memorandum Opinion and Order of the Court dated June 2, 1972, shall be deleted and the following paragraph 1 is substituted therefor:

1. The parties will arbitrate said dispute in accordance with the terms and provisions of the 1968 Agreement of General Application, Article V. Arbitration (p. 74, et seq.), and will proceed promptly and expeditiously to process such dispute through the arbitration procedure.

### II.

Paragraphs 4 and 5 will be renumbered 2 and 3, respectively.

### III.

Paragraph 6 shall be deleted in its entirety.

### IV.

All relief sought in Plaintiff's Motion for New Trial or to Alter or Amend Judgment or, Alternatively, for Stay of Injunction Pending Appeal not specifically granted herein is denied.

The Clerk will enter this Order Amending Memorandum Opinion and Order and provide counsel with true copies.

APPROVED AS TO FORM:
/s/ Leroy Jeffers

Attorney for Plaintiff,
SOUTHWESTERN BELL TELEPHONE COMPANY

/s/ Wm. N. Wheat
Attorney for Defendants,

COMMUNICATIONS WORKERS OF AMERICA, AFL–CIO, AND ITS LOCAL 6222